68934. DAVENPORT v. THE STATE.
(324 SE2d 201)

BENHAM, Judge.

In January 1984, appellant pleaded guilty to two counts of violating the Georgia Controlled Substances Act and was given a probated sentence. Three months later, a hearing was held on a petition to show cause why appellant's probation should not be revoked due to appellant's alleged failure to live up to the terms and conditions of his probation. At the hearing, but prior to any testimony being given, appellant's attorney filed with the trial court a motion to suppress evidence. During the non-jury hearing, the trial court denied appellant's motion, found "more than slight evidence of" probation violation, and revoked the balance of appellant's probated sentence. In his sole enu-

merated error, appellant claims that the trial court committed reversible error by failing to consider his motion to suppress.

The record refutes appellant's assertion. The trial court allowed appellant's counsel to file the motion, and heard argument on it throughout the non-jury revocation hearing. OCGA § 17-5-30 does not require that a separate hearing on a motion to suppress be conducted, only that the motion be heard outside the jury's presence. A separate hearing on appellant's motion in the instant case was not necessary, since no jury was involved. The record indicates nothing other than that the trial court heard appellant's arguments, found them wanting, and denied his motion.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 15, 1984.

*Melissa M. Nelson*, for appellant.
*Robert E. Wilson, District Attorney, Thomas S. Clegg, Assistant District Attorney*, for appellee.