S94A0876. MOBLEY v. THE STATE.

(452 SE2d 500)

THOMPSON, Justice.

Paul Mobley was convicted of the felony murder of Marc Dixon and the aggravated assaults of Jeffrey Hunter and Craig Ferrell by shooting with a pistol.[1] He appeals from the judgments of conviction and sentences entered thereon, following the denial of his motion for new trial.

1. Mobley asserts the general grounds. Viewed in a light most favorable to the verdict, the evidence shows that following an exchange of words between two factions of men at Underground Atlanta, Mobley produced a gun and began firing a series of five or six shots. As Dixon attempted to run from the scene, Mobley pursued him, firing the fatal shot. Mobley was identified at trial by several eyewitnesses as Dixon's killer. Another witness testified that when the shooting began, he heard Mobley exclaim, "kill the m____ f____s." Hunter and Ferrell were shot and wounded in the melee. Other eyewitnesses identified the man who shot Dixon as having a cast on his arm and wearing a bandanna on his head.

---

[1] The crime occurred on August 10, 1990. Mobley was indicted September 14, 1990. Trial began on March 25, 1991, a verdict was returned on April 8, 1991. Mobley was sentenced on May 10, 1991 to life imprisonment for murder and to consecutive sentences of 20 years for each aggravated assault conviction. His motion for new trial was filed on June 10, 1991, and denied on March 16, 1992. His notice of appeal was filed on April 15, 1992. The case was docketed in this Court on June 10, 1992, and dismissed without prejudice on September 11, 1992. The case was docketed a second time on March 15, 1994, and was submitted for decision on briefs on August 8, 1994.

Mobley was among four men who were arrested in the vicinity of Underground Atlanta shortly after the shootings had occurred.[2] They were apprehended while running from the direction of the scene. He was the only one with a cast on his arm and was attempting to remove a bandanna from his head. One of the others was in possession of a small caliber handgun.

On this evidence, the jury was authorized to find Mobley guilty beyond a reasonable doubt of the felony murder of Dixon, and of the aggravated assaults committed on Hunter and Ferrell, either as the perpetrator or as a party to those crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Mobley contends that his constitutional right to testify was abridged when trial counsel refused his request to testify in his own defense.

Mobley's assertions are not borne out by the record established at the hearing on his motion for new trial. Mobley testified that trial counsel did inform him in the early stages of his representation of the right to testify in his own behalf. Initially, Mobley indicated that he wanted to testify, and on that occasion, he concedes that counsel advised him he would be permitted to do so. He also concedes that he did not inquire of trial counsel until after closing argument as to why he was not called to testify.

Trial counsel testified at the hearing that he informed Mobley of his right to testify on several occasions, but upon further investigation into the case, and as the trial evidence developed,[3] counsel formed the opinion that Mobley's testimony could be harmful. He conveyed this opinion to Mobley. Counsel testified unequivocally that appellant never asked to testify, and that he would not have been prevented from testifying, had he made the request. Co-counsel reiterated that there had been lengthy discussions with appellant concerning his right to testify and the attendant disadvantages and that appellant never affirmatively asked to testify. The issue was not raised before the court until Mobley's sentencing, which occurred more than one month following the jury verdict.

In *Rock v. Arkansas*, 483 U. S. 44 (107 SC 2704, 97 LE2d 37)

---

[2] Appellant was indicted along with Benjamin Franklin Simmons III, Charles E. Brown, Jr., Andre Martin Maxwell and Hosea Amin Hameed. Simmons and Brown each pled guilty to one count of aggravated assault; Maxwell pled guilty to conspiracy to commit murder. Each was sentenced to a term of years in prison. All remaining charges against the co-defendants were dead docketed.

[3] Co-defendant Simmons, who prior to trial had pled guilty to aggravated assault and been sentenced to 15 years in prison, was called as a witness for the State. Simmons recanted previous statements implicating Mobley, and testified at trial that he (Simmons) had been the shooter. Counsel believed that Mobley's testimony would add nothing to Simmons courtroom confession and would unnecessarily subject him to potentially harmful cross-examination.

(1987), the United States Supreme Court recognized that a criminal defendant has a constitutional right, based on Fifth and Sixth Amendment guarantees and due process considerations, to testify in his or her own defense. See *Ambles v. State*, 259 Ga. 406 (2) (b) (383 SE2d 555) (1989). The Eleventh Circuit in *United States v. Teague*, 953 F2d 1525 (11th Cir. 1992), recognized this as a fundamental constitutional right, which is personal to the defendant, and which cannot be waived by defense counsel.

> Defense counsel bears the primary responsibility for advising the defendant of his right to testify or not to testify, the strategic implications of each choice, and that it is ultimately for the defendant himself to decide. This advice is crucial because there can be no effective waiver of a fundamental constitutional right unless there is an "intentional relinquishment or abandonment of a *known* right or privilege." *Johnson v. Zerbst*, 304 U. S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938) (emphasis added). Moreover, if counsel believes that it would be unwise for the defendant to testify, counsel may, and indeed should, advise the client in the strongest possible terms not to testify. The defendant, can then make the choice of whether to take the stand with the advice of competent counsel.

Id. at 1533. *Teague* is consistent with the ruling of this Court:

> In Georgia, whether or not to testify in one's own defense is considered a tactical decision to be made by the defendant himself after consultation with his trial counsel and there is no general requirement that a trial court interject itself into that decision-making process.[4]

*Burton v. State*, 263 Ga. 725, 728 (438 SE2d 83) (1994). See also OCGA §§ 17-7-28; 24-9-20 (b).[5]

Assuming a discrepancy in the testimony between Mobley and his counsel, it is the function of the trial court at the hearing on the motion for new trial to determine witness credibility and to resolve any conflicts in the testimony. *York v. State*, 207 Ga. App. 494 (3) (428 SE2d 113) (1993). The evidence supports the trial court's finding that Mobley was well aware of his right to testify, but made no such request of his attorneys.

---

[4] There is no contention that the State was required to obtain an on-the-record waiver. See in that connection *Barron v. State*, 264 Ga. 865, fn. 2 (452 SE2d 509) (1995).

[5] Under both Code sections, a criminal defendant who wishes to testify and announces in open court his intention to do so, may testify in his own behalf.

Inasmuch as trial counsel's alleged refusal to allow Mobley to testify forms the sole basis of his claim that he was denied effective assistance of counsel, it is without merit. To prevail on his claim of ineffective assistance of counsel, Mobley must demonstrate that his counsel erroneously deprived him of his choice to testify in his own behalf, and that counsel's deficiency in this regard denied him a fair trial. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Mobley has shown neither.

3. Mobley was not entitled to introduce the results of an unstipulated polygraph examination. *State v. Chambers*, 240 Ga. 76 (239 SE2d 324) (1977).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 30, 1995.

*Tony L. Axam,* for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General,* for appellee.