## S94A1555. BARRON v. THE STATE.
### (452 SE2d 504)

HUNSTEIN, Justice.

Anthony Douglas Barron was indicted on charges of murder in the beating death of William Threatt and burglary. A jury found appellant guilty on both charges and appellant appeals from the denial of his motion for new trial.*

On May 9, 1992, appellant lay in wait for the victim in the victim's home. When the victim entered the residence, appellant struck him first from behind with a golf club and then hit him with a steam iron to stop the victim from struggling as appellant rummaged through his pockets for money. Appellant confessed to both crimes.

1. Reviewing the evidence in a light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Relying on *United States v. Teague*, 953 F2d 1525 (11th Cir.

---

* The crimes occurred on May 9, 1992. Barron was indicted in the August term in Bibb County. He was found guilty on January 29, 1993 and sentenced that same day. His motion for new trial, filed on February 26, 1993 and amended on September 27, 1993, was denied on May 12, 1994. A notice of appeal was filed on June 10, 1994. The transcript was certified on June 29, 1994, and the appeal was docketed on July 11, 1994. This appeal was submitted for decision without oral argument on October 5, 1994.

1992) (claim of violation of constitutional right to testify is properly framed as a claim of ineffective assistance of counsel), appellant contends that he was denied effective assistance of counsel when his trial counsel failed, inter alia, to allow him to testify. Trial counsel testified at the hearing on the motion for new trial that while it was his opinion that it would be improvident for appellant to testify on his own behalf, he nevertheless advised appellant of his right to testify on numerous occasions. Counsel also testified that during the trial appellant was afforded time to spend with family members specifically to discuss the issue of his option to testify. Counsel testified that it was appellant's ultimate decision not to testify.

Although a criminal defendant has a constitutional right to testify in his or her own defense, *Rock v. Arkansas*, 483 U. S. 44 (107 SC 2704, 97 LE2d 37) (1987), "whether or not to testify in one's own defense is considered a tactical decision to be made by the defendant himself after consultation with his trial counsel. . . ." *Burton v. State*, 263 Ga. 725, 728 (6) (438 SE2d 83) (1994). Reviewing the transcript on the motion for new trial, we are persuaded that the trial court made the appropriate post-conviction findings to conclude that appellant's alleged denial of his right to testify lacked merit.[2] See *Mobley v. State*, 264 Ga. 854 (452 SE2d 500) (1995). Having thus failed to demonstrate that his constitutional right to testify was abridged, appellant cannot show he was denied effective assistance of counsel. See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Accordingly, this enumeration presents no basis for reversal.

3. We have reviewed appellant's remaining enumerations of error and find them to be without merit.[3]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 30, 1995.

L. *Elizabeth Lane*, for appellant.
*Charles H. Weston, District Attorney, Laura D. Hogue, Assis-*

---

[2] While a review of the authorities (see generally Annot., 90 ALR4th 586 (1991, Supp. 1994)) does not persuade us that we should mandate the trial court to engage in an on-the-record colloquy with a defendant to inquire of the non-testifying defendant whether he desires to waive his right to testify, we acknowledge that the better practice would be for the trial court to include this inquiry as a matter of routine in order to avoid a post-conviction attack of the nature raised in this appeal.

[3] In his remaining enumerations of error, appellant contends that the trial court erred in failing to grant his motion to suppress his in-custody statement; that the court improperly admitted autopsy photographs; that the court erred in refusing to give requested charge no. 4; and additionally was denied effective assistance of counsel by his counsel's failure to obtain a psychiatric analysis; failing to adequately investigate and defend the case; and had no knowledge of DNA evidentiary issues.

*tant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Michael D. Groves, Assistant Attorney General,* for appellee.