## A98A1713. BACKEY v. THE STATE.
### (506 SE2d 435)

BLACKBURN, Judge.

After a jury trial, Michael Backey appeals from his conviction for incest, contending: (1) that the evidence was insufficient to support the verdict; (2) that the trial court erred in denying his motion to suppress certain incriminating statements made by him; (3) that he received ineffective assistance of counsel; (4) that the trial court erred by denying his request to be present at the hearing on his motion for new trial; and (5) that the trial court failed to affirmatively instruct him on his rights to testify or not at his trial. For the reasons set forth below, we affirm.

1. Backey contends that the evidence was insufficient to support the verdict.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Backey] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The jury's verdict must be upheld if any rational trier could have found the essential elements of the crime beyond a reasonable doubt." (Punctuation omitted.) *Kovacs v. State*, 227 Ga. App. 870 (1) (490 SE2d 539) (1997). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

"A person commits the offense of incest when he engages in sexual intercourse with a person to whom he knows he is related either by blood or by marriage as . . . [u]ncle and niece." OCGA § 16-6-22 (a) (6).

The evidence shows that Backey entered his sister's trailer on the night of May 25, 1997, climbing through the window of his minor niece's bedroom. Backey's niece testified that Backey entered and exited her bedroom several times, and then he climbed on top of her and forced his penis into her vagina.

After Backey's niece reported the crime to the police, Officer Sean Daniels contacted Backey by telephone and asked him to come to the police department. Backey complied, and at that time he admitted only that he had entered his sister's trailer on the night in question. After he gave this statement, Backey was arrested and taken to jail. Later that same day, Backey contacted Daniels and told him that his prior statement was not completely truthful. At that time, Backey admitted that he had engaged in sexual intercourse with his niece. Again, Backey made this statement both orally and in writing. Accordingly, the evidence in this case amply supported the conviction for incest.

2. Backey contends that the trial court should have suppressed certain incriminating statements which he now claims that he did not make.

At a *Jackson-Denno* hearing, the trial court found that both of the admissions made by Backey were freely and voluntarily given, and such admissions were allowed into evidence. Backey made no objection to the admission of such evidence at the time. Although Backey had initially represented to his attorney that he had written both statements, he told his attorney during trial that he had not written a portion of the incriminating statements. Backey admits that no error appears on the face of the record, but he now contends that his allegation that a portion of his written statement was forged *could* indicate that it was not freely given.

Backey did not object to the admission of his written statements on the grounds he now raises on appeal either during the *Jackson-Denno* hearing or at any other time during his trial. In order to preserve an objection upon a specific ground for appeal, "the objection must be made at trial upon the specific ground." (Punctuation omitted.) *Norman v. State*, 197 Ga. App. 333, 334 (2) (398 SE2d 395) (1990). As such, Backey has waived the right to raise such issues before this Court. Moreover, even if Backey had preserved his right to raise this issue, his argument lacks merit. Backey made both oral and written admissions in this case. Even if the written admissions were rejected, the oral admissions would be admissible. Furthermore, although Backey contends that he did not write the "middle part" of the statement, he never delineates exactly what part of the statement to which he refers. In essence, then, Backey's argument in this regard is based on vagaries, speculation, and conjecture, and, as such, it is untenable.

3. Backey contends that he received ineffective assistance of counsel, alleging that his counsel did not "visit him enough times," did not perform a proper investigation, did not move for a directed verdict following the State's case, and did not ask the trial court to instruct Backey on his right to testify.

"In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), [Backey] must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. See also *Bowley v. State*, 261 Ga. 278 (4) (404 SE2d 97) (1991). Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable." (Punctuation omitted.) *Stephens v. State*, 265 Ga. 120, 121-122 (2) (453 SE2d 443) (1995). "There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic. The trial court's determination that an accused has not been denied effective

assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Punctuation omitted.) *Binion v. State*, 222 Ga. App. 333, 334 (1) (474 SE2d 208) (1996).

Backey has failed to carry his burden of showing that the contended deficiencies of his counsel's performance prejudiced his defense. The record shows that Backey's counsel and associate did meet with him and were adequately prepared for trial. The record also reflects that Backey's attorney instructed him about his right to testify at trial. Based on the overwhelming evidence of Backey's guilt of incest, a directed verdict on this count would have been inappropriate and the failure to so move could not amount to deficient performance. *Ney v. State*, 227 Ga. App. 496, 502 (4) (f) (489 SE2d 509) (1997).

4. Backey erroneously contends that the trial court denied him due process by denying his motion to be present during the hearing on his motion for new trial. "A criminal defendant who is not laboring under the penalty of death has no right to be present during the hearing held upon his motion for new trial." *Moore v. State*, 254 Ga. 525, 531 (4) (c) (330 SE2d 717) (1985).

5. Backey contends that the trial court erred by not instructing him of his right to testify.

Backey's attorney testified that he fully explained Backey's rights to him. Therefore, Backey was aware of his rights prior to making his decision not to testify. "While a review of the authorities does not persuade us that we should mandate the trial court to engage in an on-the-record colloquy with a defendant to inquire of the non-testifying defendant whether he desires to waive his right to testify, we acknowledge that the better practice would be for the trial court to include this inquiry as a matter of routine in order to avoid a post-conviction attack of the nature raised in this appeal." (Citation omitted.) *Barron v. State*, 264 Ga. 865, 866, n. 2 (452 SE2d 504) (1995). Thus, while it would have been preferable for the trial court to make a record of Backey being advised of his right to testify, it was not reversible error to fail to do so.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 8, 1998 — 

*Gerald B. Williams, Willie C. Weaver*, for appellant.

*Kenneth B. Hodges III, District Attorney, Tracia M. King, Assistant District Attorney*, for appellee.