A05A0921. NEWBY v. THE STATE.
(612 SE2d 837)

BLACKBURN, Presiding Judge.

Following a jury trial that resulted in a reckless driving conviction, Justin Newby appeals, arguing that the trial court erred in failing to ascertain on the record that Newby knowingly and voluntarily waived his right to testify. Because no law required the trial court to do so, we affirm.

Construed in favor of the verdict, the evidence shows that three nearby pedestrians witnessed Newby accelerate his vehicle to a high rate of speed while driving in a shopping center parking lot, endangering those pedestrians. Represented by counsel at trial, Newby did not testify but rather called two witnesses to show he was traveling slowly. The jury found him guilty of reckless driving, and he appeals.

Newby's sole enumeration of error is that the trial court failed to advise him of his right to testify and failed to determine on the record that he waived that right knowingly and voluntarily. After carefully considering the matter, the Supreme Court of Georgia in *Burton v. State*[1] agreed with the majority of jurisdictions that "the trial judge has no duty to advise a defendant of the right to testify or to ascertain on the record whether the defendant's waiver of that right is voluntary, knowing, and intentional." In *Barron v. State*,[2] our Supreme Court reiterated that it was not persuaded "that we should mandate

---

[1] *Burton v. State*, 263 Ga. 725, 728 (6) (438 SE2d 83) (1994).

[2] *Barron v. State*, 264 Ga. 865, 866, n. 2 (452 SE2d 504) (1995).

the trial court to engage in an on-the-record colloquy with a defendant to inquire of the non-testifying defendant whether he desires to waive his right to testify"; rather, such an inquiry is simply a "better practice."

Accordingly, we have repeatedly and consistently rejected such an enumeration of error when raised by nontestifying defendants. See, e.g., *Brock v. State*;[3] *Avila-Nunez v. State*;[4] *Backey v. State*;[5] *King v. State*;[6] *Coonce v. State*.[7] Indeed, the law is so clear in this area that the Supreme Court of Georgia, in transferring the present case to this Court, stated in its transfer order that this case would "require only the application of unquestioned and unambiguous constitutional issues." Newby's appellate argument that this is a case of first impression is utterly groundless.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED MARCH 25, 2005.

*Lister & Holt, Steven E. Lister, Scott W. DePlonty*, for appellant.
*Charles A. Spahos, Solicitor-General, Jefferson F. Upchurch, Assistant Solicitor-General*, for appellee.

[3] *Brock v. State*, 270 Ga. App. 250, 251 (1) (605 SE2d 907) (2004).
[4] *Avila-Nunez v. State*, 237 Ga. App. 649, 651 (1) (b) (516 SE2d 335) (1999).
[5] *Backey v. State*, 234 Ga. App. 265, 267 (5) (506 SE2d 435) (1998).
[6] *King v. State*, 194 Ga. App. 662, 664 (6) (391 SE2d 660) (1990) (physical precedent only).
[7] *Coonce v. State*, 171 Ga. App. 20, 21 (2) (318 SE2d 763) (1984).
[1] See *Garlington v. State*, 268 Ga. App. 264 (601 SE2d 793) (2004).