A07A0925. FINCH v. THE STATE.
(651 SE2d 478)

JOHNSON, Presiding Judge.

A jury found Desmond Finch guilty of two counts of armed robbery, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. He appeals, contending he was denied his constitutional rights to effective assistance of trial counsel and to testify. We disagree, and affirm the convictions.

1. To prove ineffective assistance of trial counsel, Finch must show counsel's performance was deficient and that the deficient performance prejudiced his defense.[1] In making this showing, Finch must rebut by clear and convincing evidence the strong presumption

---

[1] See *Buckholts v. State*, 283 Ga. App. 254, 258 (3) (641 SE2d 246) (2007).

that his attorney was effective.[2] We review the trial court's determination of the effectiveness of counsel in terms of whether its findings are clearly erroneous.[3]

(a) Finch contends his attorney failed to properly prepare for trial. Specifically, he contends counsel failed to interview a witness to the robberies and an alibi witness.

Viewed in a light most favorable to the verdict, the evidence shows that a man entered a grocery store, pulled out a handgun, ordered everyone to lie on the floor, took money from two cash registers, and then took money from the store owner's pockets. The robber dropped some of the money as he ran out of the store.

One witness testified that Finch asked to borrow a gun from him, saying he was going to use the gun at a grocery store. The witness borrowed the gun from a third party, gave it to Finch, and later heard that the grocery store had been robbed. When Finch returned the gun to the witness, the witness asked Finch how things went at the store. Finch replied that he had $300, and that some of the money fell when he was running. The witness added that the gun he loaned Finch had wooden popsicle sticks and black tape attached to the handle. The gun was later turned over to police. At trial, the witness identified the gun, which had wooden sticks and black tape attached, as the one he loaned Finch before the robberies.

A witness who owned the gun testified that the person who borrowed the gun from him said that Finch needed a gun, and he later heard that Finch had robbed the store. Another witness testified that he saw a man wearing camouflage clothing outside of the store the night of the robberies just before closing time, purporting to be talking on a pay phone. The witness was suspicious because the pay phone had been out of order. He identified Finch in a photographic lineup and again at trial as the man he saw at the phone booth that night.

A cashier from the store testified that the robber wore camouflage clothing, had facial hair, and used a gun which had black tape and wooden sticks attached. At trial, it was noted that Finch had facial hair.

In connection with pre-trial discovery, the state supplied defense counsel with a list of possible witnesses. The list included the name of a male store employee, who did not testify at trial. When describing the robber's height to police, two witnesses compared him to the named store employee. Finch argues that defense counsel should have interviewed the employee before trial, rather than relying solely

---

[2] See *Worthy v. State*, 286 Ga. App. 77, 79 (648 SE2d 682) (2007).

[3] *Buckholts*, supra.

upon the state's information about the employee. Finch points to the employee's testimony at the hearing on the motion for a new trial that he believed he was several inches taller than Finch.[4] However, Finch does not show how interviewing the employee would have affected the outcome of the trial.

Finch also complains that counsel failed to interview an alibi witness who would have testified that she was at home with Finch and his girlfriend when the robberies occurred. Trial counsel testified, however, that Finch never provided the name of the alibi witness. Moreover, there was evidence that Finch told police he was at church or a basketball game on the night of the robberies. Thus, the witness' testimony would have conflicted with Finch's statements regarding his whereabouts. Under the circumstances, Finch has not shown that there was anything of material value to the defense that would have been produced by interviewing these witnesses. Thus, he has not shown a reasonable probability that but for counsel's conduct, the outcome of the trial would have been different.[5]

(b) Finch complains that trial counsel failed to consult with him about his right to testify. Finch did not testify at trial, and states that the trial transcript does not indicate that he chose not to testify. He says counsel never asked him whether he wanted to testify, and that he would have testified had he been given the opportunity. We note that, while it is preferable, the trial court is not required to inquire on the record whether a defendant knowingly waived his right to testify.[6]

At the hearing on the motion for a new trial, defense counsel testified that he and Finch did discuss Finch's right to testify, and that Finch ultimately decided not to testify. It is the function of the trial court at the hearing on the motion for new trial to determine witness credibility and to resolve any conflicts in the testimony.[7] The evidence supports the trial court's finding that Finch was aware of his right to testify, but made no such request of his attorney. Finch has not shown the trial court's finding of effective assistance was clearly erroneous.[8]

In any event, trial counsel testified that he did not want to call witnesses because he wanted to make the final closing argument. Such a right is valuable, and preserving it is considered a reasonable strategy.[9] This enumeration is without merit.

---

[4] But also note the employee's testimony that he and Finch appear to be "about [the same] size."

[5] See *Davenport v. State*, 172 Ga. App. 848, 852-853 (2) (324 SE2d 201) (1984).

[6] *Barron v. State*, 264 Ga. 865, 866, n. 2 (452 SE2d 504) (1995).

[7] *Mobley v. State*, 264 Ga. 854, 856 (2) (452 SE2d 500) (1995).

[8] See id.; *Minton v. State*, 205 Ga. App. 430, 432 (2) (e) (422 SE2d 300) (1992).

[9] *Sims v. State*, 278 Ga. 587, 591 (3) (b) (604 SE2d 799) (2004).

2. Finch contends he was denied his right to testify. A criminal defendant has a constitutional right to testify in his own defense, but he can waive that right after consulting with his attorney.[10] Based on the transcript of the hearing on the motion for a new trial and the reasons discussed above, we are persuaded that Finch was not denied his right to testify.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED AUGUST 22, 2007.

*Reed Edmondson, Jr.,* for appellant.
*W. Kendall Wynne, Jr., District Attorney, Melanie B. McCrorey, Assistant District Attorney,* for appellee.