**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**August 12, 2022**

# In the Court of Appeals of Georgia

A22A1153. MERCHANT v. THE STATE.

PHIPPS, Senior Appellate Judge.

Clarence Merchant was found guilty of simple battery following a bench trial. He appeals the denial of his motion for new trial, arguing that (1) the evidence was insufficient to support the verdict; (2) the trial court erred by depriving him of his right to a trial by jury; (3) the trial court erred by failing to properly and timely advise him of his right not to testify, as well as his right not to have his refusal to testify held against him; and (4) his trial counsel rendered ineffective assistance. For the reasons that follow, we affirm.

Reviewing the record in a light most favorable to the verdict, *Smith v. State*, 304 Ga. 752, 753 (822 SE2d 220) (2018), the evidence shows that in the early hours

of September 1, 2019, Merchant, his stepdaughter C. C.,[1] and her boyfriend K. M. were at Merchant's home when Merchant became upset about noise that C. C. was making as she searched for her cat. Loud alerts were triggered on Merchant's home security system each time C. C. entered and exited the home. Merchant asked C. C. to stop opening doors, and when she did not, an argument ensued. During the argument, Merchant "swung on" his stepdaughter and hit her on the side of her head, near her left eye.

Merchant then called 911 and requested police assistance because "he was having some difficulties with his stepdaughter." Police made no arrests after speaking with Merchant, C. C., and K. M. , because, according to the responding officer, C. C. had no visible injuries at that time. The next morning, after noticing redness, swelling, and bruising on her face, C. C. again met with police. Merchant was then charged, via accusation, with one count of family violence battery, one count of battery, and two counts of simple battery.

The court conducted a bench trial during which Merchant, C. C., and two police officers testified. At the close of evidence, the trial court found Merchant

---

[1] The record is unclear whether C. C. was Merchant's current or former stepdaughter at the time of the incident.

guilty of simple battery and not guilty of the remaining charges and sentenced to him to 12 months of probation. Merchant timely filed a motion for new trial. After a hearing, the trial court denied Merchant's motion, and this appeal followed.

1. Merchant first contends, without elaboration, that the evidence at trial was insufficient to support the verdict.[2] We disagree.

As relevant to this case, simple battery is committed when a person "[i]ntentionally makes physical contact of an insulting or provoking nature with the person of another." OCGA § 16-5-23 (a) (1). Here, Merchant was charged with "unlawfully and intentionally" making physical contact "of an insulting and provoking nature" with C. C. The evidence that he "swung on" and hit her in the face is sufficient to sustain his conviction for simple battery under *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). See, e.g., *Babb v. State*, 252 Ga. App. 518, 520 (4)-(5) (556 SE2d 562) (2001) (evidence that defendant struck his sister once, leaving her face red and swollen, was deemed sufficient to support his conviction for simple battery by making intentional physical contact of an insulting or provoking nature); *Waters v. State*, 252 Ga. App. 194, 196 (2) (555

[2] Merchant does not cite any record evidence in support of this enumeration, in violation of Court of Appeals Rule 25 (c) (2) (i). Nevertheless, we will exercise our discretion to address the argument insofar as we are able to discern it.

SE2d 859) (2001) (evidence that the defendant pushed the victim while attempting to move past her during a dispute was sufficient to sustain a conviction for simple battery under OCGA § 16-5-23 (a) (1)).

2. Merchant next contends that the trial court deprived him of his right to a trial by jury. We disagree and conclude that the record supports the trial court's determination that Merchant knowingly, voluntarily, and intelligently waived his right to a jury trial.

> The constitutional right to a jury trial may be waived only if the State proves beyond a reasonable doubt that a defendant did so knowingly, voluntarily, and intelligently. The State can do so by either (1) showing on the record that the defendant was cognizant of the right being waived; or (2) supplementing the record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly, voluntarily, and intelligently made. [An appellate court] review[s] a trial court's acceptance of a waiver of a constitutional right for clear error.

*Agee v. State*, 311 Ga. 340, 343 (2) (857 SE2d 642) (2021) (citations omitted). "One of the ways the state may prove this is by demonstrating from the record transcript that the defendant understood the rights he was waiving." *Safford v. State*, 240 Ga. App. 80, 82 (2) (522 SE2d 565) (1999).

In its order denying Merchant's motion for a new trial, the trial court found that Merchant waived his right to a trial by jury because he: (1) was directly questioned in open court three separate times about the right to a trial by jury and declined to exercise his right each time; (2) had been advised by his trial counsel of his right to a jury trial but was "adamant" that he wanted to proceed with a bench trial; (3) was advised by the court of the maximum penalties for each count for which he was charged, as well as the State's pretrial offer — which he rejected, again stating that he wanted to proceed with a bench trial; and (4) "possesse[d] the requisite intelligence to make such a waiver" given his age and employment.[3] The record supports these findings.

The transcript shows that, before trial, the court asked Merchant about his decision to proceed via a bench trial, as follows:

> THE COURT: I just wanted to get on the record then that Mr. Merchant wanted to waive his right to a jury trial and go forward with a non jury.
> Is that what you want to do?
>
> [MERCHANT]: Bench trial. Yes, ma'am.

---

[3] Merchant testified at trial that he is a 20-year Army veteran and owns his own insurance agency He further testified at the motion for new trial hearing that he holds a doctorate degree in business.

THE COURT: Okay. And you understand you have a right to have your case tried by a jury?

[MERCHANT]: No, this format is fine.

THE COURT: Okay, I get that this is what you want but I just need to make sure that you understand that you have a right to have your case heard by a jury and that you're instead choosing to do this but you know that you have every right to have it tried in front of a jury.

[MERCHANT]: I'm fine. I'm good.

At this point, Merchant's trial counsel interjected that it was, in fact, Merchant's decision to proceed with a bench trial even though counsel had advised him "that a jury would probably be [his] best option." Merchant indicated that he understood his counsel's advice and expressed once more his desire to proceed with a bench trial "to get this over with." After the trial court ensured that Merchant was aware of the State's pretrial offer and the maximum penalties following a conviction, the case proceeded to a bench trial.

Merchant contends that the trial court's inquiry was insufficient to show that he knowingly, voluntarily, and intelligently waived his right to a jury trial. In support of his assertion, Merchant argues that the trial court did not educate him about issues such as the number of jurors empaneled or the requirement that any jury verdict be unanimous. However, we have declined to find that a defendant "must be informed

6

by the trial court of all the complexities of the jury process" in order to waive the right to jury trial. *Seitman v. State*, 320 Ga. App. 646, 648 (740 SE2d 368) (2013) (emphasis omitted). Rather, we have held that "the record must affirmatively show that the defendant made the decision to waive his right to a jury trial, or at least that he . . . agreed with the decision." *Jackson v. State*, 253 Ga. App. 559, 561 (560 SE2d 62) (2002). And, in this regard, "[a] defendant's consent need not be in a particular, ritualistic form. Since form is unimportant, the only real issue is whether [a defendant] intelligently agreed to a trial without jury." *Brown v. State*, 277 Ga. 573, 573-574 (2) (592 SE2d 666) (2004) (citation and punctuation omitted). Here, the record establishes that the trial court asked Merchant if he understood and waived his right to trial by jury and accepted the waiver only after Merchant demonstrated that he was cognizant of the right being waived.

Merchant also claims that his trial counsel's advice about the right to a trial by jury was deficient; however, he did not file an enumeration of error on the issue. Therefore, to the extent Merchant seeks to raise a claim of ineffective assistance of trial counsel in this regard, we do not consider it. See OCGA § 5-6-40; *Jones v. State*, 332 Ga. App. 506, 507, n. 2 (773 SE2d 463) (2015); *Smith v. State*, 186 Ga. App. 303,

7

308 (3) (367 SE2d 573) (1988) ("We have no jurisdiction to consider grounds which, though argued are not enumerated") (punctuation omitted).

Viewing the totality of the circumstances, we believe the State has met its burden of proving that Merchant made a voluntary, intelligent, and knowing waiver of his right to a jury trial. See *Agee*, 311 Ga. at 343-344 (2); *Safford*, 240 Ga. App. at 82 (2). Accordingly, we find no error.

3. In his third enumeration, Merchant contends the trial court erred by failing to advise him, before he testified, of his rights to remain silent and to not have his refusal to testify held against him.[4] The trial court found that Merchant had been "properly advised of his right to remain silent, both by the Court and Trial Counsel, and that he alone elected to testify at trial after conferring with (and against the advice of) Trial Counsel." Because Merchant has failed to show that any of his rights were abridged, this enumeration presents no basis for reversal.

A review of the record shows that Merchant's trial counsel concluded his direct examination and the trial court took a lunch break during Merchant's cross-

---

[4] In a related argument, Merchant contends that his trial counsel rendered ineffective assistance by failing to properly advise Merchant about the rights to remain silent and not to have his refusal to testify held against him. We address this claim in Division 4.

8

examination. When the parties returned from lunch, the State informed the court that Merchant's waiver of his rights to remain silent and to not incriminate himself had not yet been placed on the record. Before allowing Merchant to return to the stand, the trial court instructed him that he had the right not to incriminate himself, the right to remain silent, and that he did not have "to put forth any evidence" because it was the State's burden "to prove [its] case beyond a reasonable doubt." The court next asked Merchant if it was "[his] decision to give up [his] right to remain silent and testify." After Merchant conferred with counsel, he stated that he was "going to complete [his] testimony." And when the court made an additional inquiry, Merchant affirmed that he had sufficient time to confer with his counsel about the decision. Merchant returned to the stand and completed his testimony.

In criminal proceedings, the law is clear that a defendant has a constitutional right to testify in his own defense, but he can waive that right after consulting with an attorney. *Barron v. State*, 264 Ga. 865, 866 (2) (452 SE2d 504) (1995).

> In Georgia, whether or not to testify in one's own defense is considered a tactical decision to be made by the defendant himself after consultation with his trial counsel and there is no general requirement that a trial court interject itself into that decision-making process.

*Burton v. State*, 263 Ga. 725, 728 (6) (438 SE2d 83) (1994). "Defense counsel bears the primary responsibility for advising the defendant of his right to testify and the strategic implications of this choice, as well as for informing the defendant that the decision whether to testify is his to make." *Jacobs v. State*, 299 Ga. App. 368, 372 (2) (b) (683 SE2d 64) (2009) (citations and punctuation omitted). Thus, while it may be preferable to do so, "the trial court is not required to inquire on the record whether a defendant knowingly waived his right to testify." *Finch v. State*, 287 Ga. App. 319, 321 (1) (b) (651 SE2d 478) (2007).

On appeal, Merchant argues that the trial court erred by not offering him guidance, before he testified, about his right to remain silent and whether his refusal to testify could be held against him. However, Merchant cites no authority — and we have found none — to support his assertion that the trial court was required to advise him in this regard. Because the decision to testify in one's own defense is a tactical decision to be made after consultation with counsel, we have declined to mandate that a trial court conduct an on-the-record inquiry of a defendant to determine whether he has knowingly waived the right to testify. See *Finch*, 287 Ga. App. at 321 (1) (b). We therefore likewise decline to mandate that a trial court conduct an on-the-record inquiry of a defendant to determine whether he has knowingly waived the right to

10

remain silent at trial. Reviewing the specific circumstances of this case, we disagree with Merchant's assertion that the trial court erred because it did not question him on the record about the right to remain silent before he testified.

As to Merchant's contention that the trial court was required to advise him that his refusal to testify could not be held against him, Merchant's brief contains no citation of authority or reasoned legal argument in support thereof. Therefore, this argument is deemed abandoned. See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."); see, e.g., *Langford v. Ga. Dept. of Community Health*, 363 Ga. App. 121, 123 (1) (871 SE2d 26) (2022); *Brittain v. State*, 329 Ga. App. 689, 704 (4) (a) (766 SE2d 106) (2014) ("[A]n appellant must support enumerations of error with argument and citation of authority, and mere conclusory statements are not the type of meaningful argument contemplated by our rules.") (citations and punctuation omitted). Accordingly, this enumeration presents no basis for reversal.

4. In his final enumeration, Merchant argues that his trial counsel rendered ineffective assistance by failing to (a) "advise [him] on his decision to testify at trial"; (b) adequately investigate, pursue, and request a ruling on "justification" as an

11

affirmative defense; and (c) investigate evidence that would have been helpful to his defense, specifically (i) prior inconsistent and allegedly false statements made by C. C. and (ii) K. M.'s statement to law enforcement.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984), Merchant must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Sullivan v. State*, 308 Ga. 508, 510 (2) (842 SE2d 5) (2020). To establish deficient performance, Merchant must "demonstrate that his attorney performed at trial in an objectively unreasonable way considering all the circumstances and in the light of prevailing professional norms." Id. (citation and punctuation omitted). "As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." *Lowery v. State*, 260 Ga. App. 260, 260 (581 SE2d 593) (2003) (citation and punctuation omitted).

To show prejudice, Merchant must establish a reasonable probability that, but for his counsel's deficient performance, the result of the proceeding would have been different. *Sullivan*, 308 Ga. at 510 (2). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (citation and punctuation

12

omitted). If Merchant fails to satisfy either prong of the *Strickland* test, it is not incumbent upon this Court to examine the other prong. Id.

Whether a trial attorney renders constitutionally ineffective assistance is a mixed question of law and fact. *Sullivan*, 308 Ga. at 510 (2). We affirm a trial court's factual findings unless clearly erroneous, but we independently apply the legal principles to those facts. Id. at 510-511 (2). After reviewing Merchant's claims in accordance with the above standards, we conclude that Merchant has not met his burden of demonstrating that his trial counsel was ineffective.

(a) Merchant argues that his counsel was ineffective by failing to adequately advise him about his right to testify, or remain silent, and whether his refusal to testify would be held against him. The trial court found that Merchant had been sufficiently advised of his rights. This finding was not clearly erroneous.

As discussed in Division 3, it is the primary responsibility of defense counsel to advise a defendant "of his right to testify or not to testify, the strategic implications of each choice, and that it is ultimately for the defendant himself to decide." *Mobley v. State*, 264 Ga. 854, 856 (2) (452 SE2d 500) (1995) (citation and punctuation omitted). "Moreover, if counsel believes that it would be unwise for the defendant to testify, counsel may, and indeed should, advise the client in the strongest possible

13

terms not to testify. The defendant can then make the choice of whether to take the stand with the advice of competent counsel." Id. (citation and punctuation omitted).

Merchant's trial counsel testified, during the motion for new trial hearing, that he spoke with Merchant about his right to testify and advised Merchant against testifying. According to trial counsel, he advised Merchant not to testify because doing so "would make it more of a credibility contest between Merchant and [C. C.]," but Merchant "was set on testifying." And, Merchant — who also testified during the motion for new trial hearing — recalled that trial counsel advised him about the right to remain silent "[j]ust prior to starting the [bench trial]" but he did not recall having "elaborate conversations" about whether his silence could be held against him. Merchant subsequently testified that counsel had *not* counseled him about his right to remain silent and that no one advised him, prior to giving testimony, that his silence could not be held against him.

It was the trial court's responsibility "to determine witness credibility and to resolve any conflicts in the testimony." *Finch*, 287 Ga. App. at 321 (1) (b). In this case, trial counsel unequivocally testified that he advised Merchant not to testify but that Merchant was set on doing so. Under these circumstances, the court's finding

14

that trial counsel advised Merchant of his right to remain silent and that Merchant elected to testify in contravention of counsel's advice is not clearly erroneous.

And while Merchant asserts that his trial counsel did not advise him that his silence could not be held against him, his brief contains no citation of authority or reasoned legal argument regarding when or to what extent counsel was obligated in this regard. Accordingly, this claim of error is deemed abandoned. See Court of Appeals Rule 25 (c) (2); see also *Langford*, 363 Ga. App. at 123 (1); *Gresham v. Harris*, 349 Ga. App. 134, 138 (1), n. 9 (825 SE2d 516) (2019) (legal analysis "is, at a minimum, a discussion of the appropriate law as applied to the relevant facts") (citation, punctuation, and emphasis omitted). Accordingly, Merchant has not met his burden of demonstrating that his trial counsel was ineffective by failing to adequately advise him about his right to testify, or remain silent, and whether his refusal to testify would be held against him.

(b) Merchant next asserts that his trial counsel should have (i) investigated and pursued the defense of justification, see OCGA § 16-3-21 (a),[5] and (ii) asked the trial

---

[5] OCGA § 13-3-21 (a) provides, in relevant part, that "[a] person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to defend himself or herself or a third person against such other's imminent use of unlawful force."

15

court to make a "finding and ruling on the justification defense as an affirmative defense." The trial court found that "Trial Counsel's decision not to pursue the alternate theory of justification amounted to trial tactics and strategy and that other reasonable, competent attorneys could have made the same decision." We agree.

At the outset, we note that Merchant's brief contains no discussion, citation of authority, or reasoned legal argument in support of his contention that trial counsel was deficient for failing to investigate the defense of justification. Therefore, this argument is deemed abandoned. See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."); see, e.g., *Langford*, 363 Ga. App. at 123 (1).

As for Merchant's argument that his trial counsel failed to pursue the defense of justification, Merchant asserts that criminal defendants, like other litigants, are entitled to pursue alternative, inconsistent theories — and he is correct. See *McClure v. State*, 306 Ga. 856, 860 (1) (834 SE2d 96) (2019). Merchant could have pursued the defense of justification and presented evidence that he was justified in using force against C. C. to the extent that he believed such force was necessary to defend himself, or another, against her imminent use of unlawful force. See OCGA § 16-3-21 (a). However, Merchant identifies no record evidence suggesting that he reasonably

16

believed that hitting C. C. in the face was necessary to defend himself or another from her. Further, Merchant's trial counsel testified at the motion for new trial hearing that he did not think that a justification defense was appropriate because Merchant's position was that he never hit C. C., and Merchant would not have been willing "for the sake of argument to accept that he punched [her]." As a result, Merchant has not met his burden of establishing that his trial counsel performed deficiently by failing to pursue such a defense. See *Leslie v. State*, 341 Ga. App. 731, 735-737 (2),740 (4) (b) (802 SE2d 674) (2017) (trial counsel's decision not to pursue a self-defense claim did not amount to ineffective assistance when defendant did not identify evidence that would have supported a finding of imminent violent threat to the defendant and trial counsel testified that he did not think that the defense was appropriate); see generally *Leili v. State*, 307 Ga. 339, 350 (4) (834 SE2d 847) (2019) ("that trial counsel's strategy proved unsuccessful does not render his performance constitutionally deficient").

And while Merchant contends that his trial counsel should have sought a "finding and *ruling* on the justification defense," Merchant (i) provides no explanation as to what finding or ruling trial counsel should have sought, (ii) fails to cite authority supporting his assertion that counsel was obligated to make the request,

17

(iii) offers no support that the justification defense would have been warranted, much less successful, and (iv) has not shown how his trial counsel's failure prejudiced him. Accordingly, he has not met his burden of proving ineffective assistance of counsel on this ground. See, e.g., *Dixon v. MARTA*, 242 Ga. App. 262, 266 (4) (529 SE2d 398) (2000) ("Rhetoric is not a substitute for cogent legal analysis, which is, at a minimum, a discussion of the appropriate law as applied to the relevant facts.").

(c) Merchant's final contention is that trial counsel was ineffective for failing to investigate the case in two specific ways. Merchant argues that counsel (i) did not look into allegations that C. C. had made allegedly prior false or inconsistent statements to law enforcement and (ii) failed to call K. M. as a witness and follow up on his statement to law enforcement. The trial court found that Merchant did not establish prejudice, pretermitting whether counsel performed deficiently in this regard. We agree.

(i) Merchant asserts that C. C. had a "history of making untruthful statements to law enforcement" which, he claims, could have been used to impeach her testimony against him. At the motion for new trial hearing, Merchant testified, without elaboration, that C. C. had prior interactions with law enforcement in Gwinnett County which would "discredit her." Merchant's trial counsel testified

18

during the motion for new trial hearing that, although he had not pulled any police reports, he pursued an investigation into C. C.'s history and discovered that C. C. had never been charged with "giving a false statement or anything like that." In its order denying Merchant a new trial, the court found that Merchant had not proffered any evidence or witnesses demonstrating C. C.'s character for untruthfulness at the motion for new trial hearing and did not show a reasonable probability of a different result at trial. And on appeal, Merchant has not identified any particular statements that counsel failed to discover and pursue or shown a reasonable probability that the alleged statements would have led to a different result at trial. Instead, he summarily concludes that "[s]aid evidence could have cast doubt upon [C. C.'s] credibility and led to a different verdict." Thus, pretermitting whether Merchant had demonstrated that his trial counsel was deficient, we agree with the trial court that Merchant did not present sufficient evidence that his trial counsel's failure to further investigate C. C.'s prior statements to law enforcement would have led to a different result at trial. See *Shank v. State*, 290 Ga. 844, 848 (5) (a) (725 SE2d 246) (2012) (claim that trial counsel was ineffective because he did not adequately investigate the case was without merit because the defendant "failed to show that a more thorough

19

investigation would have yielded any significant exculpatory evidence and thus failed to establish prejudice resulting from the allegedly deficient investigation").

(ii) Merchant also contends that his trial counsel was ineffective because he failed to investigate K. M.'s statement to law enforcement and subpoena him as material witness. A trial counsel's decision regarding "which defense witnesses to call is a matter of trial strategy and tactics. And tactical errors in that regard will not constitute ineffective assistance of counsel unless those errors are unreasonable ones no competent attorney would have made under similar circumstances." *Brown v. State*, 292 Ga. 454, 456 (2) (738 SE2d 591) (2013) (citations and punctuation omitted); accord *Thomas v. State*, 273 Ga. App. 357, 362 (4) (a) (615 SE2d 196) (2005) ("It is well settled that decisions regarding which witnesses to present are matters of trial strategy."). While Merchant alleges that K. M. was "the only other eyewitness" that could have offered impeachment evidence against C. C., the record demonstrates otherwise. According to the responding officer, K. M. was not present for and therefore did not see the argument between C. C. and Merchant. And Merchant's trial counsel similarly testified during the motion for new trial hearing that K. M. "either was upstairs or in the car, so he didn't see what happened." K. M. — who also testified during the motion for new trial hearing — likewise stated that

he was in another room at the time of the argument and heard nothing until C. C. woke him up after the altercation. Thus, Merchant has not shown that there was anything of material value that would have been produced by calling K. M. or that doing so would have led to a different result at trial. See *Thomas*, 273 Ga. App. at 362 (4) (a). He therefore has established neither deficient performance nor prejudice in this respect.

Based upon the foregoing, the trial court's denial of Merchant's motion for new trial was not erroneous.

*Judgment affirmed. Doyle, P. J., and Reese, J., concur*.