S07A1543. THOMAS v. THE STATE.
(655 SE2d 599)

THOMPSON, Justice.

Appellant Robert Thomas was convicted of felony murder, aggravated assault, and two counts of possession of a knife during the commission of a felony arising out of the stabbing death of Robert Arnold.[1] He appeals from the denial of his motion for new trial,

---

[1] The crimes were committed on September 27, 2002. On December 18, 2002, appellant was indicted by a Clarke County grand jury on charges of malice murder, felony murder with the underlying felony of aggravated assault, aggravated assault, and two counts of possession of a knife during the commission of a felony. After a trial held June 23 through July 2, 2003, a jury acquitted appellant of malice murder and found him guilty of the remaining charges. A sentencing order was filed on July 3, 2003, sentencing appellant to life in prison on the felony murder charge and a five-year consecutive term of imprisonment for the possession charge. A

alleging that trial counsel provided ineffective assistance by failing to investigate potential character witnesses and failing to call him as a witness at trial. Finding no error, we affirm.

1. The evidence showed that on the night of the crimes a group of people, including Thomas, were drinking and listening to music outside an Athens apartment. After Thomas and two other men began fighting with the victim, the victim broke free and ran away, yelling that he would return and "show them something." Thomas and the other men chased after the victim, knocked him to the ground, and fatally stabbed him. We find the evidence was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that Thomas was guilty of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Thomas contends he received ineffective assistance of counsel in several regards. To prevail on a claim of ineffective assistance of counsel, a defendant must not only show that counsel's performance was deficient, but must also demonstrate a reasonable probability that the deficient performance affected the outcome of the proceeding. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783-784 (1) (325 SE2d 362) (1985). The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. *Sweet v. State*, 278 Ga. 320, 321-322 (602 SE2d 603) (2004).

(a) Thomas submits that trial counsel was ineffective for failing to interview three potential character witnesses who, he claims, could have testified to his reputation for peacefulness. Pretermitting the question of deficient performance, we conclude that Thomas has failed to show sufficient prejudice to warrant relief.

When considering the prejudicial effect of counsel's failure to call a witness, the court must consider whether the testimony proffered would have had an effect on the trial's outcome. *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995). Here, the motion for new trial transcript reveals that all three potential witnesses had hired Thomas to do yard work for them in the early 1990s and their personal opinions of Thomas were based on his work and the limited

---

motion to modify sentence was filed on July 9, 2003, and on October 10, 2003, appellant's sentence was modified to life imprisonment for felony murder and a consecutive probated five-year term of imprisonment for the possession conviction. A motion for new trial was filed on July 25, 2003, amended on November 19, 2003, and September 20, 2005, and denied on May 19, 2006. On June 28, 2006, appellant filed a notice of appeal which was dismissed by this Court on January 2, 2007. He moved for permission to file an out-of-time appeal on January 24, 2007, and that motion was granted on February 8, 2007. A new notice of appeal was filed on February 9, 2007. The case was docketed in this Court on June 27, 2007, and was orally argued on October 10, 2007.

interactions they had with him. These witnesses offered no opinion and claimed no knowledge of Thomas' general reputation in the community. To be admissible at trial, character testimony must rely on the defendant's general reputation in the community; a witness' personal knowledge of particular transactions or statements of single individuals cannot be brought into inquiry, except on cross-examination. *Wilson v. State*, 190 Ga. 824, 829 (3) (10 SE2d 861) (1940); *Lynn v. State*, 140 Ga. 387, 395 (79 SE 29) (1913). Without a proffer of evidence that would have been admissible and favorable to his case, Thomas has failed to demonstrate a reasonable probability that the testimony of these witnesses would have affected the outcome at trial.

(b) At the close of the State's case-in-chief, the court advised Thomas of his right to testify in his own defense. Thomas and his counsel then discussed whether Thomas should testify, with counsel explaining that the decision was Thomas' to make and that if Thomas' statements to police were admitted into evidence, Thomas may want to testify. Thomas made the strategic decision not to testify in his own defense, and after the State introduced his statements into evidence on rebuttal, he did not indicate to counsel or the court that he had changed his mind. Thomas does not, therefore, contend that counsel was deficient for failing to advise him of his right to testify or that he was denied the right to testify at trial. See *Strickland*, supra, 466 U. S. 668; *Mobley v. State*, 264 Ga. 854, 855 (2) (452 SE2d 500) (1995). Instead, he contends counsel was deficient for failing to "re-advise" him of his right to testify following the State's introduction of rebuttal evidence and for failing to call him as a witness. We disagree.

In *Rock v. Arkansas*, 483 U. S. 44 (107 SC 2704, 97 LE2d 37) (1987), the United States Supreme Court recognized that a criminal defendant has a constitutional right to testify in his own defense. See *Ambles v. State*, 259 Ga. 406 (2) (b) (383 SE2d 555) (1989). Defense counsel bears the primary responsibility for advising the defendant of his right to testify and the strategic implications of this choice, as well as for informing the defendant that the decision whether to testify is his to make. This advice is crucial because in the absence of an "intentional relinquishment or abandonment of a known right or privilege," there can be no effective waiver of a fundamental constitutional right. *Johnson v. Zerbst*, 304 U. S. 458, 464 (58 SC 1019, 82 LE 1461) (1938). See *Burton v. State*, 263 Ga. 725, 728 (6) (438 SE2d 83) (1994) (whether to testify is decision for defendant to make after consultation with counsel). We have found no authority, and Thomas cites none, expanding this constitutional obligation so as to require counsel to inform a defendant of a "continuing" right to testify or, as in this case, to re-advise a defendant of the right to testify after the

State presents rebuttal evidence. Accordingly, we are not persuaded that counsel was deficient for failing to re-advise Thomas of his right to testify.

With regard to Thomas' claim that counsel should have called him as a witness either during the presentation of his defense or on surrebuttal, Thomas has not demonstrated that the presentation of his live testimony would have affected the outcome of the trial. Although he stated at the motion for new trial hearing that had he known he could testify after the State's presentation of rebuttal evidence he would have, Thomas did not present any evidence as to how such testimony would have differed from his statements already admitted into evidence. See *Sims v. State*, 278 Ga. 587, 591-592 (3) (d) (604 SE2d 799) (2004); *Wigfall v. State*, 274 Ga. 672, 674-675 (2) (558 SE2d 389) (2002).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2008.

*Kim T. Stephens*, for appellant.
*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.