S09A0300. WORNUM v. THE STATE.

(674 SE2d 876)

THOMPSON, Justice.

Appellant Christian Wornum was convicted of murder, felony murder, aggravated assault and possession of a firearm during the commission of a crime in connection with the shooting death of Darron Harper.[1] On appeal he challenges the sufficiency of the evidence and the admission at trial of gang-related evidence. Finding no error, we affirm.

1. Viewed in the light most favorable to the verdict, the evidence

---

[1] The crimes were committed on October 8, 2006. A Cobb County grand jury indicted Wornum on June 1, 2007, charging him with malice murder, felony murder (two counts), aggravated assault, armed robbery, and possession of a firearm during the commission of a felony. After a jury trial, Wornum was found guilty of murder, felony murder based on the underlying felony of aggravated assault, aggravated assault and the possession charge. Wornum was sentenced on February 22, 2008 to life in prison on the murder conviction plus five years on the possession conviction. The felony murder and aggravated assault convictions were vacated and merged. See *Mitchell v. State*, 275 Ga. 42, 43 (2) (561 SE2d 803) (2002). A motion for new trial was filed on February 28, 2008, amended on May 28, 2008, and denied on June 18, 2008. A notice of appeal was filed on July 15, 2008. The case was docketed in this Court on November 5, 2008, and orally argued on February 23, 2009.

authorized the jury to find that appellant approached the victim from behind and shot him several times in the back of the head. An eyewitness who knew appellant identified him as the shooter and testified at trial. The evidence was sufficient to authorize a rational trier of fact to conclude appellant was guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by admitting evidence related to gang activity and allowing an officer with expertise in gangs and gang activity to testify regarding notebooks seized during execution of a search warrant at appellant's residence. The notebooks contained numerous handwritten pages, including the name of a particular gang and symbols affiliated with the gang, codes used to reference murder, and information regarding the gang's rank structure and how gang members can improve their rank within the gang by committing crimes. The State's theory was that appellant committed the crimes in order to improve his status or rank within a gang. In admitting the evidence, the trial court determined that the State had shown the evidence was relevant and admissible to show motive and that any prejudicial effect of the evidence was outweighed by its probative value. We agree. Evidence of appellant's affiliation with a gang and knowledge of the gang structure was relevant and admissible to show motive even if it incidentally placed his character in evidence. See *Willoughby v. State*, 280 Ga. 176 (626 SE2d 112) (2006); *Edge v. State*, 275 Ga. 311 (3) (567 SE2d 1) (2002).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 9, 2009.

*Louis M. Turchiarelli*, for appellant.

*Patrick H. Head, District Attorney, Erman J. Tanjuatco, Dana J. Norman, John R. Edwards, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.