## S11A0345. REEVES v. THE STATE.

(705 SE2d 159)

CARLEY, Presiding Justice.

After a jury trial, Jovan D. Reeves was found guilty of the malice murder of James Cuthbert, aggravated assault against Byron Polite, possession of a firearm by a convicted felon, and two counts of possession of a firearm during the commission of a crime. The trial court entered judgments of conviction on those guilty verdicts and sentenced Reeves to life imprisonment for murder and to consecutive terms of twenty years for aggravated assault and five years for each weapons offense. A motion for new trial was denied, and Reeves appeals.*

1. Construed most strongly in support of the verdicts, the evidence shows that sometime after 6:30 p.m. on July 26, 2006, while Polite was meeting in a vehicle with Cuthbert for the purpose of purchasing marijuana from him, Reeves appeared and suddenly fired several shots into the vehicle, resulting in Cuthbert's death and injuring Polite. During the shooting, Reeves was about four feet from the vehicle, was not wearing a mask, and looked directly at Polite, who recognized Reeves and knew him by the street name "Pig." Polite fled in a different vehicle driven by Benjamin Adams, who testified that Polite stated that he knew who shot him. A forensics officer worked with Polite to produce a composite sketch, which was later matched to Reeves by a detective who encountered him as the victim in an unrelated crime. Polite was subsequently shown a photographic lineup, became very upset, started shaking, and identified Reeves as the perpetrator. It was determined that Reeves was known as "Pig" and had multiple prior felony convictions.

Reeves makes several attacks on Polite's credibility and argues

---

* The crimes occurred on July 26, 2006, and the grand jury returned an indictment on October 25, 2006. The jury found Reeves guilty on September 26, 2008, and the trial court entered the judgments of conviction and sentences on November 7, 2008. The motion for new trial was prematurely filed on October 10, 2008, amended on June 2 and 17, 2009, and denied on July 23, 2010. Reeves filed the notice of appeal on August 2, 2010. The case was docketed in this Court for the January 2011 term and submitted for decision on the briefs.

that his identification was the only evidence linking Reeves to the crimes.

> "We do not determine the credibility of eyewitness identification testimony. Rather 'the determination of a witness' credibility, including the accuracy of eyewitness identification, is within the exclusive province of the jury.' " [Cit.] OCGA § 24-4-8 provides that "(t)he testimony of a single witness is generally sufficient to establish a fact."

*Frazier v. State*, 305 Ga. App. 274, 275 (1) (699 SE2d 747) (2010). The evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Reeves was guilty of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Wornum v. State*, 285 Ga. 168, 169 (1) (674 SE2d 876) (2009); *Orr v. State*, 281 Ga. 112 (1) (636 SE2d 505) (2006).

2. Reeves contends that his trial counsel was ineffective in failing to move for a continuance after an alibi witness, despite a lawful subpoena, did not appear and could not be located to testify on Reeves' behalf.

In order to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), a criminal defendant is required to show that counsel's performance was deficient and that, but for such deficiency, there is a reasonable probability that the outcome of the proceeding would have been different. *Woods v. State*, 275 Ga. 844, 846 (3) (573 SE2d 394) (2002). Upon appellate review of that claim, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. [Cits.]" *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000). "[W]hether to present an alibi defense is a strategic and tactical decision that, after thorough investigation and client consultation, is virtually unchallengeable and does not require a finding of ineffective assistance of counsel. [Cit.]" *Walker v. State*, 280 Ga. App. 457, 462 (6) (a) (634 SE2d 93) (2006).

At the hearing on the motion for new trial, Reeves' trial counsel testified that the alibi witness indicated by telephone that she did not want to testify and that he would not like what she had to say if he forced her to testify. As a result, counsel understood that her testimony would not be favorable to the defense. "[T]he trial court was authorized to credit counsel's testimony regarding the alibi witness[ ] . . . ." *Woods v. State*, supra at 847 (3) (a). Defense counsel's investigation revealed that the supposed alibi witness was reluctant, unfavorable, and possibly prepared to perjure herself. The

decision not to call such a witness is a reasonable exercise of professional judgment. *Nelson v. State*, 242 Ga. App. 63, 66 (8) (528 SE2d 844) (2000). See also *Woods v. State*, supra at 848 (3) (b); *Lowe v. State*, 267 Ga. 410, 414 (5) (b) (478 SE2d 762) (1996); *Walker v. State*, supra. Moreover, Reeves confirmed on the record that he agreed with the decision not to request a continuance. Thus, "the tactical decision to proceed without [the alibi witness'] testimony was made after consultation with [Reeves] . . . ." *Woods v. State*, supra. Accordingly, we conclude that "the decision by trial counsel not to move for a continuance does not show his ineffectiveness. [Cit.]" *Lowe v. State*, supra. See also *Woods v. State*, supra.

3. Reeves further contends that the trial court, over his hearsay objection, erroneously admitted the testimony of a detective that Malik Hawkins and Chris Heyward, who were present at the crime scene, stated that they would not come to court.

"When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence." OCGA § 24-3-2.

> " '(W)here the conduct and motives of the actor are not matters concerning which the truth must be found (i.e., are irrelevant to the issues on trial) then the information, etc., on which he or she acted shall not be admissible under' OCGA § 24-3-2. *Momon v. State*, [249 Ga. 865, 867 (294 SE2d 482) (1982)]. '(O)nly in rare instances will the "conduct" of an investigating officer need to be "explained(.)" ' *Teague v. State*, [252 Ga. 534,] 536 (1) [(314 SE2d 910) (1984)] . . . . Otherwise, 'it is error to permit an investigating officer to testify, under the guise of explaining the officer's conduct, to what other persons related to the officer during the investigation. (Cits.)' (Cit.) The mere circumstance of an officer's initiation and continuation of an investigation, without more, is not a relevant inquiry. (Cit.)" [Cit.]

*Vega v. State*, 285 Ga. 32, 35 (3) (673 SE2d 223) (2009). However,

> [i]f the defense puts the police's conduct directly in issue, this can create the "rare instance" in which it is necessary to explain police conduct. . . . [Thus,] if the defense at trial raises questions and concerns about police conduct in the case, this may open the door to evidence of out-of-court statements that explain that conduct. [Cits.]

Paul S. Milich, *Ga. Rules of Evidence* § 17:3 (2d ed.).

Prior to the admission of the alleged hearsay in this case, defense counsel had cross-examined the detective in some detail about his investigation and indeed had specifically elicited testimony that Polite had told the detective that Hawkins was present at the crime scene. Therefore, the statements of Hawkins and Heyward that they would not come to court were admissible under OCGA § 24-3-2 to explain that their lack of cooperation was the reason that the detective did not obtain further assistance from them in his investigation. Because their statements "tended to explain the officer's conduct, which [Reeves] had called into question, the trial court did not err in admitting the statement[s]. [Cit.]" *Holmes v. State*, 266 Ga. 530, 531 (2) (468 SE2d 357) (1996). See also *Graham v. State*, 269 Ga. App. 590, 594 (3) (604 SE2d 651) (2004). Moreover, "even if the testimony was characterized as hearsay, it was merely cumulative of the other evidence of [Hawkins' and Heyward's uncooperative] attitude . . . . [Cit.]" *Bagwell v. State*, 270 Ga. 175, 178-179 (1) (c) (508 SE2d 385) (1998).

*Judgments affirmed. All the Justices concur.*

DECIDED FEBRUARY 7, 2011.

*Jennifer R. Burns,* for appellant.

*Larry Chisolm, District Attorney, Lindretta Grindle, Assistant District. Attorney, Bess L. Walthour, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sheila E. Gallow, Assistant Attorney General,* for appellee.