S11A1829. JONES v. THE STATE.

(722 SE2d 853)

NAHMIAS, Justice.

Appellant Thomas Jones challenges his convictions for malice murder and other offenses stemming from the shooting death of Julius McReynolds.[1] We affirm.

1. The evidence presented at trial, viewed in the light most favorable to the verdict, showed the following. On the night of October 27-28, 2007, Appellant and the victim were at a crowded nightclub in Statesboro, Georgia. Appellant was wearing a distinctive orange shirt. Around 12:30 a.m., Appellant and the victim began arguing, which attracted a number of their friends. The argument escalated into a fight involving Appellant, the victim, and their friends. Club bouncers pushed the crowd outside, and the victim began running toward another nightclub located about 400 feet down the road. Appellant got a gun from his car and chased the victim, firing numerous shots. The victim was found lying in the parking lot of the other club. He had been shot three times and died

---

[1] The crimes occurred on October 28, 2007. On January 9, 2008, Appellant was indicted for malice murder, felony murder, aggravated assault, possession of a firearm during the commission of a crime, making false statements, discharge of a firearm on or near a public highway, possession of a deadly weapon at a public gathering, and carrying a weapon within a school safety zone. A jury convicted Appellant on all counts on October 23, 2008. The trial court sentenced Appellant to life in prison on the malice murder conviction and consecutive and concurrent terms in prison on other convictions. The felony murder conviction was vacated as a matter of law, and the court merged the aggravated assault conviction with the malice murder conviction. On November 14, 2008, Appellant filed a motion for new trial, which he later amended three times. On February 11, 2011, the trial court denied the motion, and Appellant filed a timely notice of appeal. The case was docketed for the September 2011 term of this Court and was orally argued on January 23, 2012.

from a bullet that hit his left lung and heart. Twelve shell casings were found in a dirt area in front of a building separating the nightclubs.

One eyewitness said that Appellant was wearing an orange shirt and was the shooter, and two other eyewitnesses testified that the shooter was wearing an orange shirt. After the shooting, Appellant changed into a friend's striped shirt. He told the friend what to say to the police and not to worry about a gun that the police later found in Appellant's car because it was not the one used in the shooting — which was true. In an interview with the police after the shooting, Appellant lied about how he got to the club and the clothing he was wearing at the time of the crimes.

The evidence in this case required the jury to determine the credibility of numerous witnesses and to resolve numerous conflicts and inconsistencies. These are decisions we rely on the jury to make. See *Vega v. State*, 285 Ga. 32, 33 (673 SE2d 223) (2009). When viewed in the light most favorable to the verdict, the evidence presented at trial and summarized above was sufficient to authorize a rational jury to find Appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that the trial court erred in denying his motion to exclude the testimony of a prosecution witness or grant a mistrial on the ground that the State failed to produce one of the witness's several pre-trial statements as required by OCGA § 17-16-7. If the State fails to comply with a statutory discovery requirement, the trial court

> may order the state to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances.

OCGA § 17-16-6.

> In enacting this statute, the legislature did not impose a rigid formulation or grant an exclusive remedy for a defendant or a fatal consequence to the State for failure to comply with the discovery mandates. Instead, it cloaked the trial court with the discretion to use its own judgment to ensure a fair trial.

*Higuera-Hernandez v. State*, 289 Ga. 553, 557-558 (714 SE2d 236)

(2011) (citations and punctuation omitted). Thus, the remedy a trial court fashions to cure a discovery violation is reviewed on appeal only for abuse of discretion. See id.

We need not decide if the State violated the requirements of OCGA § 17-16-7 by failing to produce the witness statement.[2] Appellant had other, audiotaped statements of the witness and had interviewed the witness and obtained an affidavit from him before trial, and the trial court granted Appellant an overnight continuance to give him the opportunity to review the additional statement before cross-examining the witness. The court did not abuse its discretion in fashioning this remedy. Indeed, the record supports the court's ruling that the State did not act in bad faith with regard to disclosure of the witness statement, and Appellant does not argue that it did, so the more severe remedies that Appellant sought were not applicable. See OCGA § 17-16-6.

3. Appellant contends that his counsel at trial was constitutionally ineffective in preventing him from exercising his right to testify. To prevail on this claim, Appellant

> must show that his trial counsel provided deficient performance and that, but for that unprofessional performance, there is a reasonable probability that the outcome of the proceeding would have been different. See *Strickland v. Washington*, 466 U. S. 668, 687, 694 (104 SC 2052, 80 LE2d 674) (1984). In examining an ineffectiveness claim, a court need not "address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."

*Watkins v. State*, 289 Ga. 359, 362 (711 SE2d 655) (2011) (citation omitted).

Because we conclude that Appellant has failed to show prejudice, we need not decide whether the record demands the conclusion that his defense counsel provided deficient performance by advising Appellant that he could not testify at trial.[3] See *United States v. Teague*, 953 F2d 1525, 1534 (11th Cir. 1992) (holding that if trial

---

[2] The record suggests, however, that the witness statement at issue was available to Appellant well before trial under the prosecutor's open file policy.

[3] We note, however, that the trial court found counsel's testimony on this issue at the motion for new trial hearing to be "somewhat equivocal" and Appellant did not testify at the hearing.

counsel prevents a defendant testifying in his own defense, this conduct falls below an objective standard of reasonableness and establishes deficient performance). Even if defense counsel told Appellant that he would not be called to testify, as counsel said at the motion for new trial hearing, Appellant has not shown prejudice as a result of that advice.

After the close of the State's case and after defense counsel indicated to the trial court that Appellant would not testify, the court had an extensive and direct on-the-record colloquy with Appellant about his right to testify. The court informed Appellant, among other things, that the right to testify was his right, that he could "testify if [he] want[ed] to," and that the decision whether to testify was "to be made by [him], of course, in consultation with [his] attorney." The court concluded, "If you want to testify, take the stand. If you don't, don't take the stand." Appellant, who had been sworn in, said that he understood each piece of the court's advice. In *State v. Nejad*, 286 Ga. 695 (690 SE2d 846) (2010), we rejected the defendant's ineffective assistance claim, which was based on trial counsel's testimony at the motion for new trial hearing that he prevented the defendant from testifying, on the ground that the trial court had advised the defendant "of his right to testify and his right to decide whether he would testify." Id. at 698. The advice was even clearer here.

Furthermore, Appellant offered no evidence at the motion for new trial hearing as to what his testimony would have been had he taken the stand at trial. Without such evidence, Appellant cannot show that there is a reasonable probability that the outcome of the trial would have been different even if he had testified. See *Dickens v. State*, 280 Ga. 320, 323 (627 SE2d 587) (2006) (holding that where a defendant contends that trial counsel was ineffective in failing to call a witness to testify on his behalf, he must call the witness to testify at the motion for new trial hearing or present some legally acceptable substitute in order to show that, if the witness had testified, there is a reasonable probability the outcome of the trial would have been different).

4. During the defense case, Appellant called a District Attorney's investigator to testify. When asked whether he had kept defense counsel informed about potentially exculpatory statements of one of Appellant's witnesses, the investigator replied that he had not informed defense counsel of the witness's statement because he knew counsel had talked to the witness and because the witness's story had changed so markedly from his initial statement to the police that he believed the witness was lying. Appellant contends that defense counsel provided ineffective representation in failing to move for a mistrial or to strike the testimony. Again, we conclude that Appellant cannot show prejudice.

The witness whom the investigator suggested was lying had testified that he did not see Appellant with a gun on the night of the shooting and that he saw Appellant's friend reach into Appellant's car, implying that the friend obtained a gun and was the shooter. However, there was substantial evidence that Appellant was the shooter and that his friend was not near where the shots were fired; the witness's credibility had already been undermined on cross-examination; the investigator's comment was not referred to again; and the jury was instructed that it had the duty of determining witness credibility. Thus, we cannot conclude that in reasonable probability the jury's verdict would have been different if the investigator's remark had been struck, nor is it reasonably probable that the trial court would have declared a mistrial. See *Smith v. State*, 288 Ga. 348, 350 (703 SE2d 629) (2010) (holding that a mistrial should be granted only where " 'essential to the preservation of the defendant's right to a fair trial' " (citations omitted)). Accordingly, even assuming that counsel should have objected to the investigator's comment, no prejudice resulted.

5. Finally, Appellant contends that the trial court erred in permitting a detective, over objection, to give improper double hearsay testimony that a police officer told him at the crime scene that an unnamed witness had said the shooter was wearing an orange shirt. The trial court admitted the testimony to explain the detective's conduct in looking for someone wearing an orange shirt at the crime scene.

Out-of-court statements may be admissible under OCGA § 24-3-2[4] to explain an investigating officer's conduct if that conduct is a matter concerning which the truth must be found, but we have said that only in rare instances will an officer's conduct need to be explained in this way. See *Reeves v. State*, 288 Ga. 545, 547 (705 SE2d 159) (2011). In this case, Appellant had not directly challenged the detective's conduct at issue. Compare id. at 548. On the other hand, the disputed testimony was not an effort to sneak hearsay information damaging to Appellant into the trial under the guise of explaining investigative conduct, because three eyewitnesses told the jury directly that the shooter was wearing an orange shirt. See id. (noting that even if such officer testimony is characterized as hearsay, it may be cumulative of other evidence). Moreover, the officer's conduct in searching for, but failing to find, a person wearing an orange shirt at the crime scene was relevant, because it corroborated the testimony

---

[4] OCGA § 24-3-2 says that "[w]hen, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence."

of other witnesses that Appellant had been wearing an orange shirt that night but had a friend give him a striped shirt to wear after the shooting to avoid detection. In sum, although the detective's testimony could have been better focused to address the relevant issue without mentioning out-of-court statements, there was no reversible error.

Judgment affirmed. All the Justices concur, except Hunstein, C. J., who concurs in Divisions 1, 2, 3, and 4 and in the judgment.

DECIDED FEBRUARY 27, 2012.

David S. West, for appellant.

Richard A. Mallard, District Attorney, Daphne H. Jarriel, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth A. Harris, Assistant Attorney General, for appellee.