**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY , JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 6, 2014**

# In the Court of Appeals of Georgia

A14A0347. WILLIAMS v. THE STATE.

McFADDEN, Judge.

After a jury trial, Lenburg Williams was convicted of two separate burglaries of commercial properties that occurred six days apart in the same neighborhood. He argues that the trial court improperly allowed three law enforcement officers to testify about statements that another trial witness made to them during their investigations, but Williams only objected to one instance of such testimony at trial and in that instance the trial court did not err in overruling his objection. Williams argues that his trial counsel was ineffective in failing to object to the remaining testimony, but some of that testimony was admissible and Williams has not shown he was prejudiced by his trial counsel's failure to object to the rest of the challenged testimony. Accordingly, we affirm.

1. *Facts.*

The evidence at trial, viewed in the light most favorable to the verdict, showed that on September 27, 2011, Earnest Rankins encountered a burglar in the automobile repair shop where he worked. The burglar fled, taking some money. Rankins recognized the burglar as someone he had seen often in the neighborhood, and whom at trial he identified as Williams. He reported the burglary to Officer D. L. Ritchie.

Six days later, on October 3, Rankins spotted Williams entering a building on another commercial property in the neighborhood, and he saw a bicycle by the side of the road in front of that property. He called 911, and Officer G. E. Smith met him at a nearby street corner. Shortly thereafter, Williams approached on the bicycle, towing a cart containing scrap metal and copper pipes, and Officer Smith arrested him. Detective R. A. Johnston also responded to the 911 call, and he and Rankins took the items from Williams's cart to the commercial property where Rankins had seen Williams. There, the owner of that property identified the items from Williams's cart as her belongings, and she determined that someone had broken into the building on the property and taken some copper pipes from the basement.

2. *Testimony to which Williams objected at trial.*

Over Williams's hearsay objection, the trial court allowed Officer Smith to testify that, when he met Rankins at the street corner on October 3, Rankins identified Williams as the man who had burglarized the automobile repair shop six days earlier. Officer Smith testified that Rankins told him the automobile repair shop had been "burglarized on a past date and time, and that that day [October 3] he saw the suspect and he pointed out the suspect to me." The trial court allowed this testimony because it provided "the reason he responded" to the 911 call.

"Admission of evidence is a matter committed to the sound discretion of the trial court, and the trial court's evidentiary decisions will not be disturbed on appeal absent an abuse of discretion." *Allen v. State*, 292 Ga. App. 133, 134 (1) (663 SE2d 370) (2008) (citation omitted). The trial court did not abuse her discretion in allowing the testimony.

Former OCGA § 24-3-2[1] provided that "[w]hen, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as

---

[1] Former OCGA § 24-3-2 was in effect when this case was tried in 2012, but it since has been repealed and replaced with OCGA § 24-8-801 (c). See *State v. Hodges*, 291 Ga. 413, 422 & n. 5 (2) (728 SE2d 582) (2012) (Nahmias, J., concurring specially).

hearsay but as original evidence." Such evidence may be admitted under that Code section "if the conduct and motives of the actor are relevant to the issues on trial." *Alford v. State*, 320 Ga. App. 523, 527 (2) (a) (738 SE2d 124) (2013) (citations omitted). Under this rule, an officer may explain his or her conduct in responding to and investigating allegations of criminal behavior. See *Stallings v. State*, 319 Ga. App. 587, 589-590 (2) (a) (737 SE2d 592) (2013) (trial court did not err in admitting dispatch description of vehicle for limited purpose of explaining officer's conduct in responding to dispatch call and investigating defendant's vehicle). While "only in rare instances will an officer's conduct need to be explained in this way," *Jones v. State*, 290 Ga. 576, 580 (5) (722 SE2d 853) (2012) (citation omitted), one such instance is where "'the defense at trial raises questions and concerns about police conduct in the case.'" *Reeves v. State*, 288 Ga. 545, 547 (3) (705 SE2d 159) (2011) (quoting Paul S. Milich, Ga. Rules of Evidence § 17:3 (2d ed.)). In this case, the defense argued at trial that Officer Smith and the other officers determined Williams was the culprit without adequately investigating the burglaries. Because Williams challenged the adequacy of the police investigation, "the [s]tate was allowed to present evidence to explain the reasonableness of the investigation's focus on [him],

4

including testimony of out-of-court conversations." *Mitchell v. State*, 242 Ga. App. 694 (1) (531 SE2d 143) (2000) (citations omitted).

But even if Officer Smith's testimony was hearsay rather than original evidence, "[i]t is well-settled that, although hearsay, a witness'[s] testimony regarding another person's out-of-court identification of the accused may be admissible" where "the declarant testif[ies] and [is] available for cross-examination." *In the Interest of L. J. P.*, 277 Ga. 135, 135-136 (587 SE2d 15) (2003) (citation and emphasis omitted). See also *Hunt v. State*, 279 Ga. 3, 5 (4) (a) (608 SE2d 616) (2005) ("Generally, evidence that a witness has previously identified the defendant is admissible even if the witness's credibility has not been called into question.") (citation omitted). Rankins testified and was cross-examined about his identification of Williams as the automobile repair shop burglar. The trial court did not err in overruling Williams's objection.

3. *Testimony to which Williams did not object at trial.*

Williams also challenges the three officers' testimony about "the remainder of Rankins's out-of-court statements." He did not object to this testimony at trial, but he argues on appeal that his trial counsel's failure to object constituted ineffective assistance of counsel. To sustain this claim, Williams "must show both that counsel's

5

performance fell below a reasonable standard of conduct and that, but for counsel's deficient performance, there is a reasonable probability the outcome of the trial would have been different." *Anthony v. State*, 275 Ga. App. 274, 279 (6) (620 SE2d 491) (2005) (citation omitted). He has not met this burden. As described below, trial counsel's failure to object to two instances of the challenged testimony was not ineffective assistance because the testimony was not improper. See *Hayes v. State*, 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993) ("Failure to make a meritless objection cannot be evidence of ineffective assistance."). And the admission of the remaining challenged testimony did not prejudice Williams.

(a) *Challenged testimony that was not improper.*

(i) Officer Ritchie, who responded to the scene of the automobile repair shop burglary on September 27, testified that Rankins "gave [him] a description of a suspect[.]" In his appellate brief, Williams cites this as an example of hearsay testimony of a prior consistent statement that improperly bolstered Rankins's later identification of him as the burglar and argues that it did not meet the requirements for the admission of a trial witness's prior consistent statement articulated by our Supreme Court in *Woodard v. State*, 269 Ga. 317 (496 SE2d 896) (1998), overruled on other grounds by *Bunn v. State*, 291 Ga. 183 (728 SE2d 569) (2012). The *Woodard*

6

requirements, however, do not apply to Officer Ritchie's testimony that Rankins described the burglar. The officer testified only that Rankins had given him a description; he did not testify to the substance of that description. Consequently, the testimony was not hearsay. See *Page v. State*, 256 Ga. 191, 192 (5) (345 SE2d 600) (1986) (witness's testimony that she had a conversation with another person was not hearsay where the contents of that conversation were not revealed). Because it was not hearsay, it was not subject to the *Woodard* requirements governing the admissibility of prior consistent statements. See *Atwell v. State*, 293 Ga. App. 586, 589 (2) (b) (667 SE2d 442) (2008).

(ii) In her cross-examination of Officer Smith, defense counsel suggested that the officer arrested Williams without adequately investigating either burglary. On redirect, the state asked Officer Smith why he made the arrest, and the officer replied that Rankins "advised that [Williams] . . . was the suspect that – that burglarized [the automobile repair shop], and at that day and time, on [a nearby street], [Rankins] saw him riding a bicycle, and he positively identified him, and that was – that's what I responded to." Like the similar instance of Officer Smith's testimony discussed in Division 2, supra, this testimony was admissible because Rankins testified and was cross examined.

(b) *Other testimony regarding Rankins's statements to police officers.*

Regarding the remaining instances where the police officers testified about statements that Rankins made to them, Officer Ritchie testified that Rankins told him he had come into contact with the automobile repair shop burglar, that the burglar had fled, and that the burglar had taken five dollars. And Detective Johnston, when asked by the state whether he had investigated the October 3 burglary, testified: "Yes, sir. Mr. Rankins observed the defendant at an address off of [a neighborhood street]. There was some metal that was in a cart. Mr. Rankins advised he believed that's where the metal came from[.]" Detective Johnston then described accompanying Rankins in taking the metal back to the commercial property. Williams argues that trial counsel should have objected to the testimony about Rankins's prior consistent statements as hearsay that served to impermissibly bolster his trial testimony. Pretermitting whether trial counsel was deficient in failing to object, Williams has not shown that the admission of this testimony prejudiced him. See *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004) (insufficient showing on either prong required for finding of ineffective assistance of counsel relieves appellate court of need to address other prong).

8

To establish prejudice, a defendant must demonstrate that "a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different." *Coleman v. State*, 286 Ga. 291, 297 (6) (687 SE2d 427) (2009) (citation omitted). In determining whether the admission of evidence about Rankins's prior consistent statements contributed to the verdict, "we may not rely on the fact that [he] gave testimony at trial that was consistent with the prior statement that should not have been introduced, as the very nature of the error in admitting the prior consistent statement is that it is repetitive of that to which [he] has . . . testified." *Duggan v. State*, 285 Ga. 363, 366-367 (2) (677 SE2d 92) (2009) (citation and punctuation omitted). Instead, in determining the harmfulness of the statements' admission (and thus the prejudice to Williams from his counsel's failure to object to them), we must consider factors such as whether the state's case was based primarily on the bolstered testimony, see *Connelly v. State*, 295 Ga. App. 765, 768 (3) (673 SE2d 274) (2009), and whether the improper bolstering added critical weight to that testimony. See *Cash v. State*, 294 Ga. App. 741, 746 (669 SE2d 731) (2008).

As discussed in Division 3 (a) (i), supra, Officer Ritchie's statement that Rankins had given him a description of the automobile repair shop burglar was not hearsay. And the remaining portions of Officer Ritchie's testimony about what

9

Rankins told him – that Rankins had contact with the burglar, that the burglar fled, and that the burglar took money – concerned matters that Williams did not dispute at trial. Williams merely argued that he was not that burglar. Consequently, "any improper bolstering of [Rankins's] testimony by [Officer Ritchie's] hearsay testimony had no real effect on [Williams's] conviction" for the September 27 burglary. *Johnson v. State*, 289 Ga. 498, 502 (4) (713 SE2d 376) (2011).

As to the October 3 burglary, the state did not base its case primarily on the bolstered testimony that Rankins had seen Williams at the commercial property and believed the metal in Williams's cart came from that property. It based its case primarily on the testimony of the property's owner, who stated at trial that the property had been burglarized and that the items found in Williams's cart belonged to her. Again, "any improper bolstering of [Rankins's] testimony by [Detective Johnston's] hearsay testimony had no real effect on [Williams's] conviction" for the October 3 burglary. *Johnson*, 289 Ga. at 502 (4).

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*

10