**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**August 29, 2014**

# In the Court of Appeals of Georgia

A14A1407. STEVENS v. THE STATE.

MILLER, Judge.

Following a jury trial, Valman Onelli Reginald Stevens was convicted of enticing a child for indecent purposes. (OCGA § 16-6-5 (a)).[1] Stevens appeals from the denial of his motion for new trial, contending that his trial counsel rendered ineffective assistance. For the reasons that follow, we affirm Stevens's conviction.

Viewed in the light most favorable to the jury's verdict[2], the evidence shows that on September 30, 2008, Stevens, who was 24 years old, drove the 15-year-old

---

[1] The trial court directed a verdict on one count of public indecency (OCGA § 16-6-8) and one count of contributing to the delinquency of a minor (OCGA § 16-12-1). The State dismissed an additional charge of public indecency and a sexual battery charge (OCGA § 16-6-22.1).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

victim to Jesse Davis Park in Douglas County. Around midnight, Douglasville Police Officers Holbrook and Gruber responded to a call from park security about a suspicious vehicle parked on a dead-end road with the lights turned down. The officers proceeded to that location with their patrol car lights turned off. Officer Gruber approached the suspicious vehicle – a Ford Taurus – from the front, while Officer Holbrook pulled in behind it. The officers then turned on their headlights, exited their patrol cars and approached the Taurus.

The officers saw Stevens and the victim pulling their pants up. Stevens was in the driver's seat and the victim was in the front passenger seat. Officer Holbrook also saw a couple of half-empty bottles of Heineken beer, a Smirnoff beverage, and an open condom wrapper in the back of the Taurus.

Officer Gruber removed Stevens from the Taurus, asked him what he was doing, and obtained his consent to search the vehicle. During the search, Officer Gruber found a semiautomatic handgun. Officer Gruber asked Stevens where the condom was, and he replied that he was wearing the condom in preparation to have sex with the victim. Stevens then removed the condom from his penis and threw it on the ground.

During trial, Stevens entered into several stipulations with the State which were read to the jury: (1) that the victim's date of birth was March 29, 1993; (2) that the victim was 15 years of age at the time of the offense; (3) that Stevens's date of birth was November 23, 1983; (4) that Stevens was 24 years of age at the time of the offense; and (5) that Stevens drove the victim to Jesse Davis Park in Douglas County.

In his sole enumeration of error, Stevens contends that his trial counsel rendered ineffective assistance. Specifically, Stevens argues that defense counsel was deficient for failing to interview the victim, agreeing to the stipulations at trial and not allowing the trial court to advise Stevens of his constitutional right not to testify. We disagree.

> To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. [See *Strickland v. Washington*, 466 U. S. 668, 687 (104 SCt 2052, 80 LE2d 674) (1984).] If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. Furthermore, there is a strong presumption that the performance of counsel was within the

3

wide range of reasonable professional lawyering, and we cannot reach a contrary conclusion unless defendant successfully rebuts the presumption by clear and convincing evidence. Judicial scrutiny of counsel's performance must be highly deferential.

(Citation omitted.) *Davenport v. State*, 316 Ga. App. 234, 239 (3) (729 SE2d 442) (2012).

(a) Stevens argues that trial counsel was deficient for failing to interview the victim and agreeing to stipulate that Stevens drove the victim to the park. At the hearing on Stevens's motion for new trial, trial counsel testified that he made multiple attempts to contact the minor victim who lived outside of Douglas County, however, the victim's family would not let him meet with her. Trial counsel also testified that the victim was extremely sympathetic, and keeping the victim off the stand strengthened Stevens's defense that he had no sexual contact with the victim. Trial counsel stated that he discussed his strategy of keeping the victim off the stand and agreeing to stipulate to her age with Stevens and Stevens agreed.

This evidence, as well as Stevens's admission at trial that he drove the victim to Jesse Davis Park, supports the presumption that trial counsel's decisions in this regard were part of Stevens's overall trial strategy, and such strategic decisions, to which Stevens agreed at the time of trial, provide no basis for a finding of ineffective

4

assistance of counsel. See *London v. State*, 260 Ga. App. 780, 784 (6) (580 SE2d 686) (2003).

(b) Without citing to any authority, Stevens also argues that trial counsel was ineffective in not allowing the trial court to advise Stevens of his constitutional right not to testify. Stevens bases his argument on the following colloquy which took place at trial before he testified:

> THE COURT: . . . All right, [counsel], do I need to have a dialogue with your client at this time?
>
> [TRIAL COUNSEL]: My client *does* wish to testify.
>
> THE COURT: Then I don't need to have dialogue with him.
>
> [TRIAL COUNSEL]: No, sir.

(Emphasis supplied.)

"[A] criminal defendant has a constitutional right to testify in his own defense." (Citation omitted.) *Thomas v. State*, 282 Ga. 894, 896 (2) (b) (655 SE2d 599) (2008). "In Georgia, whether or not to testify in one's own defense is considered a tactical decision to be made by the defendant himself after consultation with his trial counsel and there is no general requirement that a trial court interject itself into that

5

decision-making process." (Citations omitted.) *Burton v. State*, 263 Ga. 725, 728 (6) (438 SE2d 83) (1994). Rather, "[trial] counsel bears the primary responsibility for advising the defendant of his right to testify and the strategic implications of this choice[.]" *Thomas*, supra, 282 Ga. at 896 (2) (b).

Here, trial counsel testified at the motion for new trial hearing that Stevens's strategic defense was that he had no sexual contact with the victim, and Stevens agreed to this defense. Trial counsel further testified that Stevens was adamant about testifying in his own defense at trial, even though trial counsel discouraged Stevens from testifying, and informed Stevens that his testimony would be subject to cross-examination. Since Stevens did not testify at the motion for new trial hearing, he has not shown that trial counsel was deficient in advising him of his constitutional right to testify. See e.g. *Jacobs v. State*, 299 Ga. App. 368, 373 (2) (b) (683 SE2d 64) (2009) (defendant who did not testify at motion for new trial hearing failed to show that trial counsel's actions in advising defendant not to testify constituted deficient performance). Moreover, Stevens cannot show harm because his testimony at trial provided the sole evidence in support of his defense that he had no sexual contact with the victim. As such, there is no probability, much less a reasonable one, that the

outcome of Stevens's trial would have differed but for trial counsel's alleged error. Consequently, we affirm Stevens's convictions.

*Judgment affirmed. Doyle, P. J., and Dillard, J., concur.*