**FIFTH DIVISION
MCFADDEN, P. J.,
RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 8, 2018**

# In the Court of Appeals of Georgia

A18A0330. BRYANT v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Michael Jerome Bryant was convicted of rape. He appeals the denial of his motion for new trial, arguing that trial counsel was ineffective, but he has not met his burden of showing both deficient performance and prejudice. He also argues that the trial court erred by refusing to admit certain sexually explicit photographs the victim allegedly sent Bryant, but the trial court's ruling was within his discretion. So we affirm.

1. *Facts*.

Viewed in the light most favorable to the verdict, *Newsome v. State*, 324 Ga. App. 665 (751 SE2d 474) (2013), the evidence showed that the victim and Bryant had an on-again, off–again romantic relationship that lasted about two-and-a-half years.

Months after their relationship had ended, Bryant showed up at the victim's apartment, surprising her.

The victim was wearing a house dress, so she went upstairs to change clothes. Bryant entered her bedroom, uninvited, while she was changing. The victim asked Bryant to return downstairs, but instead he closed and locked the door. He told the victim that he wanted to have sex with her. She responded that she was in a relationship with someone else and did not want to have sex with him. Bryant became aggressive. He pushed the victim onto the bed, removed her clothing, and had sexual intercourse with her.

2. *Ineffective assistance of counsel*.

Bryant argues that his trial counsel was constitutionally ineffective in failing to inform him that he was under no obligation to testify and in failing to object to the assistant district attorney's reference to his post-arrest silence. To prevail on this claim, Bryant

> must show that his trial counsel provided deficient performance and that, but for that unprofessional performance, there is a reasonable probability that the outcome of the proceeding would have been different. See *Strickland v. Washington*, 466 U. S. 668, 687, 694 (104 SCt 2052, 80 LE2d 674) (1984). In examining an ineffectiveness claim, a court need not address both components of the inquiry if the defendant makes an

insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.

*Jones v. State*, 290 Ga. 576, 578 (3) (722 SE2d 853) (2012) (citation and punctuation omitted).

(a) *Failure to advise Bryant of his right not to testify*.

Bryant argues that trial counsel was ineffective for failing to inform him that he was not obligated to testify and that the choice to testify was his. Because we conclude that Bryant has not shown prejudice, we need not decide whether the record shows that trial counsel performed deficiently by failing to advise Bryant that he did not have to testify.

At the motion for new trial hearing, trial counsel testified that the defense strategy was to show that the victim had consented, so Bryant's testimony was essential. Bryant agreed with this defense. Although Bryant testified at the motion for new trial hearing that he would not have testified had he been informed that the choice was his, he conceded that he was the only person who could tell his side of the story.

3

Bryant does not argue that the outcome of the trial would have been different had he not testified. He "cannot show harm because his testimony at trial provided the [only testimonial] evidence in support of his defense that [any] sexual contact with the victim [was consensual]. As such, there is no probability, much less a reasonable one, that the outcome of [Bryant's] trial would have differed but for trial counsel's alleged error." *Stevens v. State*, 329 Ga. App. 91, 93 (b) (762 SE2d 833) (2014). See also *Neal v. State*, 308 Ga. App. 551, 554 (4) (b) (707 SE2d 503) (2011) (no ineffective assistance of counsel because, assuming trial counsel prevented defendant from testifying when he wanted to, defendant failed to show a reasonable probability "that the outcome of the trial would have been different had counsel acted otherwise").

(b) *Failure to object to question about Bryant's post-arrest silence.*

Bryant argues that trial counsel was ineffective in failing to object to questions that he contends improperly commented on his post-arrest silence. Any objection would have lacked merit, so counsel did not perform deficiently by failing to object.

The questions Bryant challenges concerned inconsistencies between his trial testimony and the statement he gave to police, a recording of which was played for the jury. "It was not improper . . . for the prosecutor to point out inconsistencies and

4

omissions in what [Bryant] actually said . . . to the police . . . after the [incident] compared to what he told the jury at trial. . . . [T]rial counsel was not ineffective in failing to make a meritless objection." *Hernandez v. State*, 299 Ga. 796, 801 (4) (792 SE2d 373) (2016) (citations omitted).

3. *Photographs.*

Bryant argues that the trial court abused his discretion by refusing to allow Bryant to introduce sexually explicit photographs the victim allegedly sent to Bryant. Bryant argues that their graphic nature would communicate to the jury that Bryant could have assumed that the victim consented to have sex with him. See OCGA § 24-4-412 (b) (trial court may admit evidence relating to complaining witness' past sexual behavior if it determines the evidence involved the accused and "supports an inference that the accused could have reasonably believed that the complaining witness consented to the conduct complained of in the prosecution").

The trial court ruled that Bryant could cross-examine the victim about their relationship and could question her about texts she allegedly sent him that were provocative and sexual in nature, but he could not introduce the photographs because they were "unnecessary to establish the existence or nature of the relationship, and [were] irrelevant to whether the alleged rape was a consensual act." "We review the

trial court's ruling on the admissibility of evidence for a clear abuse of discretion." *Ramirez v. State*, __ Ga. __, __ (II) (__ SE2d __) (Case No. S17A1662, decided March 5, 2018) (citation omitted).

Bryant concedes that the photographs were sent before he and the victim had ended their relationship, at least ten months before the incident at issue. And it was undisputed that the parties had a consensual, sexual relationship at that time. So we cannot say that the trial court clearly abused his discretion by refusing to allow Bryant to introduce the explicit photographs. Cf. *United States v. Burdette*, 86 F. Appx. 121, 128-129 (II) (B) (6th Cir. 2004) (trial court did not err under Fed. R. Evid. 403 in admitting sexually suggestive photographs of defendant in possession of her co-conspirator because, unlike in this case, defendant testified that their relationship was *not* consensual).

*Judgment affirmed. Ray and Rickman, JJ., concur.*